IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JAMES C. MCMILLIAN, JR.,                                                          PLAINTIFF

v.                                     2:22CV00231-DPM-JTK

ARKANSAS COUNTY DETENTION
CENTER, et al.                                                                       DEFENDANTS

## ORDER

James C. McMillian, Jr. ("Plaintiff") is confined in the Arkansas County Detention Center. He filed this pro se action under 42 U.S.C. § 1983 alleging violations of his federally protected rights (Doc. No. 1),[1] but did not submit the $402.00 filing fee or an in forma pauperis motion ("IFP Motion").

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action in forma pauperis still must pay the full statutory filing fee of $350.[2] 28 U.S.C.

---

[1] Sixteen other inmates are listed as plaintiffs on the Complaint. (Doc. No. 1 at 6). The Court opened a separate action for each additional plaintiff. The related cases are Statewright v. Arkansas County Detention Center, et al., 2:22-cv-00222-DPM-JTK; Cruz v. Arkansas County Detention Center, et al. 2:22-cv-00223-DPM-JTK; Hobbs v. Arkansas County Detention Center, et al. 2:22-cv-00224-DPM-JTK; Wofford v. Arkansas County Detention Center, et al. 2:22-cv-00225-DPM-JTK; Rankin v. Arkansas County Detention Center, et al. 2:22-cv-00226-DPM-JTK; Smith v. Arkansas County Detention Center, et al. 2:22-cv-00227-DPM-JTK; Tullos v. Arkansas County Detention Center, et al. 2:22-cv-00228-DPM-JTK; Parris v. Arkansas County Detention Center, et al. 2:22-cv-00229-DPM-JTK; Parks v. Arkansas County Detention Center, et al. 2:22-cv-00230-DPM-JTK; Reeves v. Arkansas County Detention Center, et al. 2:22-cv-00232-DPM-JTK; Bray v. Arkansas County Detention Center, et al. 2:22-cv-00233-DPM-JTK; Roberts v. Arkansas County Detention Center, et al. 2:22-cv-00234-DPM-JTK; Wormley v. Arkansas County Detention Center, et al. 2:22-cv-00235-DPM-JTK; Wofford v. Arkansas County Detention Center, et al. 2:22-cv-00236-DPM-JTK; Huggins v. Arkansas County Detention Center, et al. 2:22-cv-00237-DPM-JTK; and Daniel v. Arkansas County Detention Center, et al. 2:22-cv-00238-DPM-JTK.

[2] Effective December 1, 2020, the statutory filing fee for civil actions increased to $402, due to the implementation of a $52 administrative fee. This $52 fee does not, however, apply to in forma pauperis actions.

§ 1915(b)(1).   The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998).   Even if a prisoner is without assets and unable to pay an initial filing fee, he/she will be allowed to proceed with his/her §1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4).   **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

The PLRA requires Plaintiff to submit a proper and complete IFP Motion, along with a calculation sheet prepared and signed by an authorized officer of the incarcerating facility, if he/she wishes to pay the filing fee in installments.   Plaintiff must submit, within thirty (30) days from entry of this Order, either: (1) the statutory filing fee of $402; or (2) a proper and complete IFP Motion, **with the required calculation sheet signed by an authorized official of the facility at which he/she is confined**.

IT IS THEREFORE ORDERED that:

1.   Plaintiff must submit either the $402 statutory filing fee or an In Forma Pauperis Motion within thirty days of the entry date of this Order.[3]

2.   The Clerk is directed to send to Plaintiff an In Forma Pauperis Motion, together with the filing fee calculation sheet.

---

[3] The Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states, in part: "If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

IT IS SO ORDERED this 14th day of December, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE